# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JASMINE DANIELS, individually ) <br> and as natural guardian of, ) <br> SYMIR WILSON (minor), ) <br> and SHANDREA KNIGHTON, ) <br> ) <br>    Plaintiffs. ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>    Defendant. ) | CIVIL ACTION <br><br> FILE NO._____ |

## COMPLAINT FOR DAMAGES

**COMES NOW**, JASMINE DANIELS, individually and as natural guardian of SYMIR WILSON (minor), and SHANDREA KNIGHTON, Plaintiffs, in the above-styled action, by and through their undersigned counsel of record, and files this *Complaint for Damages* averring the following in support:

**PARTIES AND JURISDICTION**

1.

Plaintiffs are residents of Georgia and submits themselves to the jurisdiction of this Court.

2.

Defendant United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("Defendant ATF") is a United States Federal Law Enforcement Agency, and may be served with a copy of the Complaint and Summons at the Office of the Principal Legal Advisor, Atlanta located at 2600 Century Parkway NE, Atlanta, Georgia, 30345.

3.

Defendant ATF is subject to the jurisdiction of this court because the cause of action arose in this jurisdiction and this jurisdiction is a location where Defendant ATF perform their official duties.

4.

Attorney General of the United States may be served with a copy of the Complaint and Summons at the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

5.

U.S. Attorney for Northern District may be served with a copy of the Complaint and Summons at the Richard B. Russell Federal Building, 75 Ted Turner Drive Southwest, Suite 600, Atlanta, Georgia 30303-3309.

6.

Robert Rusterucci may be served with a copy of the Complaint and Summons at 1800 Wesleyan Drive, Apartment 100, Macon, Georgia 31210-1076.

7.

This Court has Subject Matter Jurisdiction because Plaintiffs bring this suit under the Federal Tort Claims Act alleging that an agent of Defendant ATF, Robert Rusterrucci injured Plaintiffs in an automobile accident, while acting within the scope of his official duties. This case arises under the laws of the United States of America; thus, this Court has proper Subject matter Jurisdiction over this action.

8.

Plaintiffs submits themselves to the jurisdiction of this Court for all matters arising in this action.

# FACTUAL BACKGROUND AND ALLEGATIONS

9.

On or about February 20, 2020, Ms. Daniels was wearing her seatbelts while driving a grey 2012 Chevrolet Equinox traveling southbound on Interstate 85.

10.

Minor Wilson was a backseat passenger in the vehicle driven by Ms. Daniels while Ms. Knighton were front seat passenger in said vehicle.

11.

At or around the same time, Defendant Robert Rusterucci, in his official capacity as Defendant ATF's agent, was driving a silver 2008 Ford Expedition southbound on Interstate 85 behind Plaintiffs.

12.

Defendant Rusterruci, following too closely, struck the rear of Plaintiffs' vehicle, with such impact that Plaintiffs' vehicle was pushed into the vehicle ahead of Plaintiffs'.

13.

Georgia State Patrol Officer Rariden responded to the scene of the accident and after investigation cited Defendant Rusterucci with following too closely and supporting a hand held cellular device, violations of O.C.G.A. § 40-6-49 and O.C.G.A. §40-6-241(c)(1).

14.

Defendant followed too closely, misjudged clearance, failed to take evasive action, failed to warn, failed pay attention, failed to keep a proper lookout and caused a collision.

15.

Upon impact, the Plaintiffs' vehicle sustained damage.

16.

As a result of the collision, Plaintiffs suffered personal injuries.

17.

Ms. Daniels has incurred medical bills of at least $13,756.75 in the course of treating her injuries.

18.

Minor Wilson has incurred medical bills of at least $6,671.40

19.

Ms. Knighton has incurred medical bills of at least $10,491.65

**COUNT ONE: NEGLIGENCE**

20.

Plaintiffs hereby incorporate paragraphs one (1) through nineteen (19) above by reference as if set forth fully herein.

21.

Plaintiffs show that the aforesaid collision was proximately caused by negligence of Defendant Rusterrucci, and said acts of negligence of said individual include, but are not limited to, the following:

(a) Defendant was following too closely, a violation of O.C.G.A § 40-6-49, supporting a hand held cellular device, a violation of O.C.G.A. § 40-5-241(c)(1), and other applicable law, and is therefore guilty of negligence *per se*;

(b) Immediately prior to the aforesaid collision, Defendant failed to stop;

(c) Immediately prior to the aforesaid collision, Defendant failed to take evasive action;

(d) Immediately prior to the aforesaid collision, Defendant failed to warn;

(e) Immediately prior to the aforesaid collision, Defendant misjudged clearance;

(f) Immediately prior to the aforesaid collision, Defendant failed to pay attention and keep a proper look-out; and

(g) Any and all acts of negligence, which may be shown at trial.

22.

Defendant's negligence resulted in the harm that Plaintiffs suffered.

23.

The traffic accident and the negligence of Defendant Rusterucci are the actual and proximate causes of the injuries Plaintiffs suffered.

24.

As a direct and proximate result of the injuries sustained in the subject collision caused by Defendant Rusterrucci's negligence, Ms. Daniels incurred at least the following medical fees:

| | | |
|---|---|---|
| 1. Grady EMS | $ | 1,743.25 |
| 2. Wellstar Atlanta Medical Center | $ | 1,298.80 |
| 3. South Fulton Emergency Physicians, LLC | $ | 645.00 |
| 4. Dr. Colin Roopnarine, DC | $ | 5,775.00 |
| **TOTAL** | **$** | **9,462.05** |

25.

As a direct and proximate result of the injuries sustained in the subject collision caused by Defendant Rusterucci's negligence, Minor Wilson incurred at least the following medical fees:

| | | |
|---|---|---|
| 1. Wellstar Atlanta Medical Center | $ | 1,806.40 |
| 2. South Fulton Emergency Physicians, LLC | $ | 645.00 |
| 3. Dr. Colin Roopnarine, DC | $ | 4,220.00 |
| **TOTAL** | **$** | **6,671.40** |

26.

As a direct and proximate result of the injuries sustained in the subject collision caused by Defendant Rusterrucci's negligence, Ms. Knighton incurred at least the following medical fees:

| | | |
|---|---|---|
| 5. Grady EMS | $ | 1,856.25 |
| 6. Wellstar Atlanta Medical Center | $ | 1,290.40 |
| 7. South Fulton Emergency Physicians, LLC | $ | 645.00 |
| 8. Dr. Colin Roopnarine, DC | $ | 6,700.00 |
| **TOTAL** | **$** | **10,491.65** |

27.

By reason of the foregoing, Plaintiff is entitled to recover from Defendants compensatory and other damages in such amount as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

## COUNT TWO: RESPONDEAT SUPERIOR – DEFENDANT ATF

28.

Plaintiffs hereby incorporates paragraphs one (1) through twenty-seven (27) above by reference as if set forth fully herein.

29.

At all times pertinent to this action, Defendant ATF was the owner of the vehicle driven by its employee, Defendant Rusterucci, on the date of the subject crash.

30.

At all times relevant to this action Defendant ATF was the employer of Mr. Rusterucci.

31.

At all times relevant to this action, Defendant Rusterucci was operating Defendant ATF's vehicle in the scope of his employment and was an actual and/or apparent agent of Defendant ATF.

32.

As a direct and proximate cause of Defendant ATF employee's negligence, the Plaintiffs were injured and sustained damages.

33.

Defendant ATF is thereby liable to the Plaintiffs under a theory of Respondent Superior.

**WHEREFORE,** Plaintiffs pray for relief in the following manner:

A. That process issue and the Summons and Complaint be served upon the Defendant as prescribed by law;

B. That the Court enter a finding that Defendant's employee was negligent in following too closely, which damaged Plaintiffs' vehicle;

C. That the Court enter an Order finding that the negligence of the Defendant's employee is the sole and proximate cause of the injuries Plaintiffs suffered;

D. That this Court grants Plaintiffs special damages for medical bills in an amount to be proven at trial;

E. That Plaintiffs be granted damages for her pain and suffering in an amount to be determined by the enlightened conscience of a jury; and

F. That Plaintiffs be granted such other and further relief as the Court deems just, equitable and proper.

**{SIGNATURE PAGE FOLLOWING}**

Respectfully submitted this 8th day of February 2022.

          */s/ W. Bryant Green III*
          W. Bryant Green, III
          Georgia Bar No. 942180
          Anthony R. Showell
          Georgia Bar No. 722467

Law Office of W. Bryant Green, III, P.C.
303 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30308
(404) 522-5330 telephone (404) 577-0860 facsimile
bryant@wbgpc.com
anthony@wbgpc.com